UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


RONNIE K. HONGO (#98420)

VERSUS                                         CIVIL ACTION

LT. ADAMS, ET AL                               NUMBER 09-122-JJB-SCR


**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, January 10, 2012.

                                      /s/ Stephen C. Riedlinger
                                  STEPHEN C. RIEDLINGER
                                UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


RONNIE K. HONGO (#98420)

VERSUS                                                CIVIL ACTION

LT. ADAMS, ET AL                                      NUMBER 09-122-JJB-SCR


## MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' Motion for Summary Judgment. Record document number 24. The motion is not opposed.

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Lt. Jay Adams, Lt. Donovan Dupuy, Col. Ray Vittorio and Capt. Barrett Boeker.[1] Plaintiff alleged that he was subjected to an excessive use of force in violation of his constitutional rights.[2]

Defendants moved for summary judgment relying on a statement of undisputed facts, the affidavits of Msgt. Linda Shaw, Lt. Donovan Dupuy, Lt. Jay D. Adams, Capt. Lawrence Williams, Maj. Barrett Boeker and Col. Ray Vittorio, copies of the plaintiff's medical records and copies of the five disciplinary reports issued

---

[1] This defendant was identified as Capt. Boaker in the complaint.

[2] Plaintiff's claims against Capt. Smith, Capt. Williams and Dr. Ladd were previously dismissed. Record document number 16.

on the date of the incident.

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e).

Plaintiff alleged that on June 7, 2008, Lt. Adams approached him and "told [the plaintiff] to give him the dope." Plaintiff alleged that when he asked Lt. Adams what he was talking about, Lt. Adams struck him on the side of his head causing him to fall to the ground. Plaintiff alleged that Lt. Adams kicked and hit him knocking a piece of candy from his mouth. Plaintiff alleged he was handcuffed and forced to walk to a tower where Lt. Adams asked the female guard whether the plaintiff was the person she observed selling drugs. Plaintiff alleged that Lt. Dupuy, Capt. Smith and Capt. Williams arrived and began beating him. Plaintiff alleged that he was dragged to the West Yard captain's office where he was beaten. Plaintiff alleged that after Col. Vittorio arrived all of the defendants beat him to obtain an admission regarding possession of drugs. Plaintiff alleged that Col. Vittorio attempted to ram the plaintiff's head into a wall and a desk and then brandished a pocket knife and attempted to cut the plaintiff's wrist and right arm. Plaintiff alleged that while being dragged to the prison

2

infirmary Capt. Boeker hit the plaintiff on the head and took his watch. Plaintiff alleged that Col. Vittorio then threatened to have the plaintiff killed after he arrived at Camp J.

Plaintiff alleged that he advised medical personnel that he had been beaten and was in need of medical treatment for injuries to his back, hands, neck, head, legs and other body parts. Plaintiff alleged that x-rays were taken and he was given an injection for pain. Plaintiff alleged that he experienced pain to his neck, back and paralysis to his wrist and lower back.

Force is excessive and violative of the Eighth Amendment only if applied maliciously and sadistically for the very purpose of causing harm, rather than a good faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995 (1992); *Whitley v. Albers*, 475 U.S. 312, 106 S.Ct. 1078 (1986). A necessary element of the excessive force claim is the proof of injury resulting from the use of force. *Knight v. Caldwell*, 970 F.2d 1430, 1432 (5th Cir. 1992), *cert. denied*, 507 U.S. 926, 113 S.Ct. 1298 (1993). In evaluating excessive force claims, the court may look to the seriousness of the injury to determine "whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley v. Albers*, 475 U.S. at 321, 106 S.Ct. at 1085. An injury is insufficient to support an excessive force claim where

there is *no* physical injury or where the injury is extremely minor. *Brown v. Lippard*, 472 F.3d 384, 387 (5th Cir. 2006).

The summary judgment evidence showed that on June 7, 2008, Msgt. Shaw observed the plaintiff masturbating while sitting on the ledge of Walnut-3 facing Guard Tower 9 where she was assigned.[3] The summary judgment evidence showed that Msgt. Shaw told Lt. Adams about what she had observed and asked him to remove the plaintiff from the yard.[4]

The summary judgment evidence showed that Lt. Adams went to the yard and ordered the plaintiff to place his hands behind his back to be restrained in handcuffs but the plaintiff refused to comply.[5] The summary judgment evidence showed that when Lt. Adams managed to place one of the plaintiff's wrists in the handcuffs the plaintiff violently pushed away from Lt. Adams, kicking and swinging.[6] The summary judgment evidence showed that the plaintiff escaped Lt. Adams' grasp and the they both fell to the ground.[7] The summary judgment evidence showed that the plaintiff refused to comply with Lt. Adams' orders to stop fighting and continued to

---

[3] Record document number 24-4.

[4] *Id.*

[5] Record document number 24-6.

[6] *Id.*

[7] *Id.*

kick at him and resist being placed in handcuffs.[8]  The summary judgment showed that Lt. Dupuy, Capt. Williams and Capt. Smith arrived on the unit and assisted Lt. Adams in gaining the plaintiff's compliance.[9]

Plaintiff's medical records showed that on the day of the incident x-rays were taken of his forearm and hand.[10]  The results were negative.[11]

Plaintiff's medical records also showed that the plaintiff was diagnosed with degenerative disc disease prior to the incident on June 7, 2008.  Plaintiff's medical records showed that the plaintiff was diagnosed with degenerative disc disease as early as 2004.[12]

Plaintiff's medical records showed that x-rays were taken of the plaintiff's lumbar spine and cervical spine on July 7, 2008.[13]  The results of the lumbar spine x-ray showed that vertebral bodies were in good alignment, no fracture, no dislocation and no bony

---

[8] *Id.*

[9] *Id.*; record document numbers 24-5, 24-7.

[10] Record document number 24-3, p. 12.

[11] *Id.*

[12] *Id.* at 13.

[13] *Id.* at 10.

5

destruction was noted.[14]  The impression was no acute findings.[15]
The results of the cervical spine x-ray showed that there was
essentially no change since the previous study on February 28,
2008.[16]  The impression was no acute findings.[17]

There is no evidence in the record that the defendants subjected the plaintiff to an excessive use force.  The summary judgment evidence supports a finding that the plaintiff failed to comply with direct orders to be restrained and became combative with correctional officers, which required the use of a de minimus amount of force to gain control over him.  Defendants are entitled to summary judgment as a matter of law.

Plaintiff has neither opposed the evidence offered by the defendants nor submitted any fact showing that there is a genuine issue for trial.  It is clear that a party may not rest upon mere allegations or denials of his pleadings in opposing a motion for summary judgment.  *Jacquez v. Procunier*, 801 F.2d 789 (5th Cir. 1986); *Fontenot v. Upjohn Company*, 780 F.2d 1190 (5th Cir. 1986); *John Hancock Mut. Life Ins. v. Johnson*, 736 F.2d 315 (5th Cir. 1984).

---

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *Id.*

RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' Motion for Summary Judgment be granted and this action be dismissed.

Baton Rouge, Louisiana, January 10, 2012.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE